```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

UNITED STATES OF AMERICA         :
                                 :
V.                               :   CASE NO. 3:98-CR-130(RNC)
                                 :
KEITH CATO HAMMIE                :

                            RULING AND ORDER

     Defendant Hammie, a federal inmate proceeding pro se, has filed a motion for reduction of sentence (ECF No. 61). The motion is denied for substantially the reasons stated by the government in its opposition (ECF No. 65).

     On June 25, 1999, the defendant was sentenced to 235 months of imprisonment and 5 years of supervised release for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e). The sentence was based on application of the armed career criminal guideline, U.S.S.G. 4B1.4(b)(3)(A), consistent with the defendant's stipulation that he had three prior felony convictions for armed robbery in the second degree in violation of California Penal Code § 211. See 18 U.S.C. § 924(e)(1)(requiring minimum sentence of imprisonment of fifteen years for defendant who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony).

     The defendant has made a number of unsuccessful attempts to obtain relief from his sentence since it was affirmed on direct appeal. In this instance, he seeks a sentence reduction pursuant

to 18 U.S.C. § 3582(c)(2) based on Amendment 599 of the Sentencing Guidelines.[1]  "Amendment 599 prevents double-counting where a Defendant is convicted and sentenced under 18 U.S.C. 924(c), and faces firearms-related sentencing enhancements under Guidelines §§ 2D1.1 (b)(1) and 2K2.1 (b)(5)."  <u>United States v. Arnau</u>, No. 00-CR-49S, 2008 WL 819733, at *2 (W.D.N.Y. Mar. 25, 2008).  Because the defendant was not convicted or sentenced under 18 U.S.C. 924(c), however, Amendment 599 does not apply. <u>See</u> <u>United States v. Contrera</u>, No. CR-94-00729 (CPS), 2009 WL 2383034, at *3 (E.D.N.Y. July 30, 2009)("[N]othing in Amendment 599 precludes the application of a weapon enhancement to the offense level of a separate crime that is not the basis of a § 844(h), 924(c), or a 929(a) weapons offense. . . .").  When, as here, an amendment does not have the effect of lowering the applicable guideline range, a defendant is not entitled to relief under § 3582(c)(2).  <u>See</u> U.S.S.G. § 1B1.10(2)(B).

The defendant also argues that his sentence should be reduced because he was improperly designated as an armed career

---

[1] 18 U.S.C. § 3582(c)(2) provides that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

criminal under the guidelines.  This argument effectively seeks a new sentencing to correct an alleged error in the original sentencing.  A claim of this nature cannot be brought through a motion under § 3582(c)(2).  See, e.g., United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) ("[B]ecause § 3582(c)(2) does not authorize a sentencing or resentencing proceeding, a defendant may not seek to attribute error in the original, otherwise-final sentence in a motion under that provision.")(internal citation omitted).

Accordingly, the motion (ECF No. 61) is hereby denied.

So ordered this 14th day of January 2014.

_____/s/_____
Robert N. Chatigny, U.S.D.J.